# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ZONNYTTA BOLTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14CV151 |
| ) | |
| CAROLYN COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security, and OFFICE OF ) | |
| PERSONNEL MANAGEMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND RECOMMENDATION

This case comes before the Court for a recommended ruling on Defendants' Motion to Dismiss for Lack of Jurisdiction (Docket Entry 16) and Plaintiff's Motion for Partial Summary Judgment (Docket Entry 20). For the reasons that follow, the Court should dismiss this case because the Court lacks subject-matter jurisdiction.

## BACKGROUND

Plaintiff, an employee of the Social Security Administration ("SSA"), filed an Amended Complaint in this Court appealing a determination of the Merit Systems Protection Board ("MSPB") which upheld her demotion by SSA. (Docket Entry 11 at 1.)[1] In disputing her demotion, Plaintiff's Amended Complaint asserts a claim for

---

[1] All pin citations to documents in the record refer to the page numbers in the footer appended upon filing via the CM/ECF system.

disability discrimination under the Rehabilitation Act, challenges various regulations and procedures of the MSPB and the Office of Personnel Management ("OPM"), and asserts the facial unconstitutionality of 5 U.S.C. § 7701(c)(1)(A), requiring the MSPB to uphold agency employment decisions if supported by substantial evidence. (Id. at 1-2, 16-17.)

In late 2011, SSA demoted Plaintiff from a Paralegal Specialist to a Legal Assistant. (Docket Entry 17 at 17-18; Docket Entry 21 at 10.) Plaintiff then appealed that decision to the MSPB, asserting both improper procedures and disability discrimination. (Docket Entry 17 at 19; Docket Entry 21 at 10.) During the pendency of that appeal, Plaintiff moved for the MSPB to notify OPM that she challenged various OPM regulations and, further, to compel discovery from OPM. (Docket Entry 17 at 20; Docket Entry 21 at 11.) Rather than rule on those motions, the MSPB apparently opened a separate case against OPM to determine whether it should review the challenged OPM regulations. (Docket Entry 17 at 20-21; Docket Entry 21 at 11.) The ALJ subsequently affirmed Plaintiff's demotion (in the case against SSA) and Plaintiff petitioned the full board to review the ALJ's decision. (Docket Entry 17 at 19-20; Docket Entry 21 at 10.)

Then, in April 2013, the MSPB declined to review the challenged OPM regulations and Plaintiff shortly thereafter appealed that decision to the United States Court of Appeals for

the Federal Circuit. (Docket Entry 17 at 21; Docket Entry 21 at 12.) In January 2014, the full MSPB affirmed Plaintiff's termination and Plaintiff then filed the instant action in this Court. (Docket Entry 17 at 22-23; Docket Entry 21 at 14.) In April 2014, the Federal Circuit granted Plaintiff's request for a voluntary dismissal of her case against OPM. (Docket Entry 17 at 23; Docket Entry 21 at 14.)

Defendants subsequently filed their instant Motion, asserting that Plaintiff's appeal to the Federal Circuit in the OPM case precludes her from now bringing a mixed case in district court. (Docket Entry 16; see Docket Entry 17 at 8.) Plaintiff responded in opposition and moved for summary judgment as to certain claims. (Docket Entry 20.) Defendants replied as to their Motion to Dismiss and responded in opposition to summary judgment. (Docket Entry 24.) Plaintiff replied as to her Motion for Partial Summary Judgment (Docket Entry 27) and responded a second time to Defendants' Motion to Dismiss (Docket Entry 29).

## DISCUSSION

Under the Civil Service Reform Act of 1978 ("CSRA"), "a federal employee subjected to . . . [a] demotion may appeal her agency's decision to the [MSPB]." Kloeckner v. Solis, __ U.S. __, __, 133 S. Ct. 596, 600 (2012); see 5 U.S.C. §§ 7512(3)-(4), 7701(a). "In that challenge, the employee may claim, among other things, that the agency discriminated against her in violation of

a federal statute." Kloeckner, 133 S. Ct. at 600 (citing 5 U.S.C. § 7702(a)(1)). "When an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'" Id. (emphasis in original) (citing 29 C.F.R. § 1614.302).

"An employee who is dissatisfied with the MSPB's decision is entitled to judicial review in the United States Court of Appeals for the Federal Circuit." Elgin v. Department of Treasury, __ U.S. __, __, 132 S. Ct. 2126, 2130 (2012). As a general rule, "[t]he Federal Circuit has exclusive jurisdiction over appeals from a final decision of the MSPB." Id. at 2131 (internal quotation marks omitted). Mixed cases represent the sole exception to that general rule within the CSRA. See id. at 2134. If the MSPB upholds the agency's personnel action in a mixed case, "[t]he employee may appeal [that] MSPB decision to either the U.S. Court of Appeals for the Federal Circuit or the appropriate federal district court." Pueschel v. Peters, 577 F.3d 558, 563 (4th Cir. 2009).

However, "[i]f the employee pursues the mixed case in the Federal Circuit, then she abandons her discrimination claims because the Federal Circuit lacks jurisdiction to entertain discrimination claims." Id. Accordingly, once an employee elects to appeal a mixed case from the MSPB to the Federal Circuit, she "waives her right to bring a discrimination claim in district court

based on the same or related facts." Id. For that reason, the Federal Circuit requires such employees to certify, by completing Federal Circuit Claim Form 10, either that no claim of discrimination has been or will be made, or that any such claim has been abandoned. Id. at 564.

For instance, in Pueschel, a federal employee challenged her termination before the MSPB and alleged discrimination and retaliation by her agency employer. Id. at 562. That employee also raised as an affirmative defense that her agency employer had improperly failed to allow her to "buy back" three thousand hours of leave. Id. The MSPB affirmed the employee's termination and she appealed to the Federal Circuit, which also affirmed. Id. That employee later brought an action in district court (this time bypassing the MSPB) in which she alleged a hostile work environment and "that she was subjected to gender and disability-based discrimination and retaliation when [her agency employer] interfered with [her efforts] to buy back 3,000 hours of leave." Id. Because the employee had already raised (in the first case) the allegation concerning her inability to buy back 3,000 hours of leave before the MPSB and then appealed that decision to the Federal Circuit (rather than bringing a mixed case in a federal district court), the district court dismissed the action for lack of subject-matter jurisdiction. Id. The Fourth Circuit affirmed, noting that the employee "[could not] create a superficial

distinction between her claims that have gone before the Federal Circuit and the district courts, since they ar[o]se out of the same set of facts." Id. at 564.

In the instant case, Plaintiff does not dispute that she submitted Form 10 upon appealing her case against OPM to the Federal Circuit. (See Docket Entry 21 at 13.) In fact, the record reflects that Plaintiff's counsel signed a copy of Form 10 and indicated that "[n]o claim of discrimination by reason of . . . handicapped condition has been or will be made in this case." (Docket Entry 31 at 141.) Instead, Plaintiff asserts that "[Plaintiff's] case in the Federal Circuit has nothing to do with her demotion at SSA, which was the subject of the MSPB decision being challenged in this [C]ourt." (Docket Entry 21 at 8.) That argument fails in light of the Fourth Circuit's holding in Pueschel.

Plaintiff admits that both actions arose from her demotion by SSA and, further, that the OPM case derived from the SSA case. (See Docket Entry 21 at 12-14.) However, she appears to assert that the OPM case, because it represented a facial challenge to a regulation, somehow did not concern the facts of her case:

> At no point in the *Bolton v. OPM* proceeding did [Plaintiff] ask the MSPB to review whether the OPM regulations were being invalidly implemented by SSA. [Plaintiff's] brief did not argue that the OPM regulations discriminated against her on the basis of disability or otherwise, and it made no arguments limited to the facts in her case; her sole argument was that the

-6-

regulations on their face failed to implement the
statute.

(Id. at 12.)  That argument fails because a plaintiff lacks standing to bring a facial challenge in federal court divorced from the specific facts which give rise to her case.  See, e.g., Northeast Plaza Assocs. v. President and Comm'rs of Town of North East, No. 90-2738, 935 F.2d 1286 (table), at *2 (4th Cir. 1991) (unpublished) (explaining that facial challenges still require allegations of direct injury to plaintiff).  In fact, Plaintiff sought review of the OPM regulation as part of her ongoing efforts to reverse her demotion by SSA.  See Bolton v. Office of Pers. Mgmt., No. CB-1205-12-0011-U-1, 2013 WL 9672770, at *1 (M.S.P.B. Apr. 2, 2013) (unpublished).

Moreover, the MSPB declined to review the OPM regulation largely because that case overlapped significantly with her initial case against SSA, see id. at *3 ("[A]s the agency notes, [Plaintiff's] claims could be reached through ordinary channels of appeal — and, indeed, have been reached, at least in her individual Board appeal."), as Defendants observed (see Docket Entry 24 at 19).  Ultimately, in spite of Plaintiff's assertion of the purported unrelatedness of the two cases before the MSPB (Docket 21 at 8), she identifies no factual distinctions between those cases (see id. at 8-15).  The relevant standard looks to whether both cases arose from the same or related facts - not the legal theories of those cases - and Plaintiff "cannot create a superficial

-7-

Case 1:14-cv-00151-LCB-LPA   Document 32   Filed 05/22/15   Page 7 of 13

regulations on their face failed to implement the
statute.

(Id. at 12.)  That argument fails because a plaintiff lacks standing to bring a facial challenge in federal court divorced from the specific facts which give rise to her case.  See, e.g., Northeast Plaza Assocs. v. President and Comm'rs of Town of North East, No. 90-2738, 935 F.2d 1286 (table), at *2 (4th Cir. 1991) (unpublished) (explaining that facial challenges still require allegations of direct injury to plaintiff).  In fact, Plaintiff sought review of the OPM regulation as part of her ongoing efforts to reverse her demotion by SSA.  See Bolton v. Office of Pers. Mgmt., No. CB-1205-12-0011-U-1, 2013 WL 9672770, at *1 (M.S.P.B. Apr. 2, 2013) (unpublished).

Moreover, the MSPB declined to review the OPM regulation largely because that case overlapped significantly with her initial case against SSA, see id. at *3 ("[A]s the agency notes, [Plaintiff's] claims could be reached through ordinary channels of appeal — and, indeed, have been reached, at least in her individual Board appeal."), as Defendants observed (see Docket Entry 24 at 19).  Ultimately, in spite of Plaintiff's assertion of the purported unrelatedness of the two cases before the MSPB (Docket 21 at 8), she identifies no factual distinctions between those cases (see id. at 8-15).  The relevant standard looks to whether both cases arose from the same or related facts - not the legal theories of those cases - and Plaintiff "cannot create a superficial

distinction between her claims . . . since they ar[o]se out of the same set of facts." Pueschel, 577 F.3d at 546.

Plaintiff additionally asserts that, in Kloeckner, the United States Supreme Court "held that the maneuver of abandoning one's discrimination claim in order to get the rest of the case reviewed in the Federal Circuit rather than district court never was legally possible." (Docket Entry 21 at 8.) In that regard, Plaintiff contends that "an employee who has filed a mixed case appeal with the MSPB can have judicial review by the Federal Circuit only if he or she abandons his or her discrimination claim before the MSPB holds a hearing on the case." (Id. at 9 (emphasis added).) In other words, Plaintiff seems to argue that, because (according to her interpretation of Kloeckner) she never could have properly abandoned her discrimination claim for purposes of appealing to the the Federal Circuit, the fact that she actually did appeal to the Federal Circuit does not preclude this Court's jurisdiction, contrary to the Fourth Circuit's holding in Pueschel. (See id. at 8-9.) That contention lacks merit for several reasons.

First, Kloeckner did not address the current situation, where Plaintiff previously appealed a decision of the MSPB to the Federal Circuit and now seeks review of a related decision of the MSPB by the district court. See Kloeckner, 133 S. Ct. at 600. Instead, Kloeckner resolved this specific issue:

> The question presented in this case arises when the MSPB dismisses an appeal alleging discrimination not on the

-8-

> merits, but on procedural grounds. Should an employee seeking judicial review then file a petition in the Court of Appeals for the Federal Circuit, or instead bring a suit in district court under the applicable antidiscrimination law? We hold that she should go to district court.

Id. Kloeckner thus assumes a scenario in which an employee with a mixed case at the MSPB wishes to appeal the entire case rather than abandon the discrimination claim(s). See id. Accordingly, the Supreme Court in Kloeckner considered neither the effects of appeals from multiple, related actions at the MSPB nor the case of employees who, after an MSPB decision on a mixed case, elect to abandon their discrimination claims in order to appeal their other claims to the Federal Circuit. See id. at 600-07.

Second, as Defendants have noted, subsequent decisions by the Federal Circuit do not support Plaintiff's contention that Kloeckner invalidated Pueschel's holding that an employee may appeal an MSPB decision in a mixed case to the Federal Circuit, but that by doing so that employee waives the right to bring any related case in district court. (Docket Entry 24 at 12-14 (citing cases).) In fact, the Federal Circuit has rejected Plaintiff's argument concerning Kloeckner's effect on its jurisdiction over mixed cases in which employees have abandoned their discrimination claim(s). See New-Howard v. Department of Veterans Affairs, 590 F. App'x 972, 973-74 (Fed. Cir. 2014) ("[The agency employer] asserts that this is a mixed case involving allegations of discrimination and that this court consequently does not possess jurisdiction to

hear this case. But [the employee] has expressly waived her discrimination claim that the agency's denial of her sick leave was motivated by discrimination. As such, this case is no longer mixed, and although it may have been more efficient for the district court to hear this appeal, we do possess jurisdiction." (internal citations and quotation marks omitted)); accord Thurman v. Merit Sys. Prot. Bd., 566 F. App'x 957, 960-61 (Fed. Cir. 2014); Taylor v. Merit Sys. Prot. Bd., 544 F. App'x 973, 976 (Fed. Cir. 2013).[2]

Finally, even assuming the validity of Plaintiff's reading of Kloeckner - that it stands for the proposition that an employee

---

[2] Plaintiff offers some support for the contrary position - that mixed cases cannot be converted into non-mixed cases through abandonment of discrimination claims - in two decisions of the MSPB. (See Docket Entry 21 at 9 n.16 (citing Richard v. United States Postal Serv., No. DE-0752-12-0398-I-1, 2014 WL 5339313, at *6 (M.S.P.B. July 14, 2014) and Mills v. United States Postal Serv., 119 M.S.P.R. 482, 486 (2013)).) Those cases take the position that Kloeckner requires a literal reading of the CSRA and that the CSRA does not describe waiver of discrimination claims. See, e.g., Mills, 119 M.S.P.R. at 487 ("The statute does not state that the [employee] can transform a mixed case into a nonmixed case after the [MSPB] has issued a decision simply by not seeking judicial review on a discrimination claim."). Of course, as Defendants argue, such an interpretation engenders a perverse result for an employee who wishes to appeal only the non-discrimination claims from a decision of the MSPB. (See Docket Entry 24 at 13 n.1.) Such an employee must then appeal a discrimination claim that the employee wishes to abandon to a federal district court (because, as discussed above, the CSRA otherwise bars the district court's jurisdiction). Given that Kloeckner did not address this scenario, see Kloeckner, 133 S. Ct. at 600-07, and that subsequent decisions of the Federal Circuit contradict the MSPB, Plaintiff's position in that regard lacks persuasive value.

-10-

Case 1:14-cv-00151-LCB-LPA   Document 32   Filed 05/22/15   Page 10 of 13

cannot waive discrimination claims maintained at the MSPB to appeal to the Federal Circuit - Plaintiff offers no support for her contention that such interpretation gives this Court subject-matter jurisdiction over her case (see Docket Entry 21 at 8-9). Plaintiff states that, "even if in June 2013 [Plaintiff] had informed the MSPB that she was withdrawing her discrimination claim, that would not have changed the fact that she had litigated a mixed case at the board, and that the only forum available for judicial review of her case as a whole was the district court." (Id. at 9.) In other words, Plaintiff suggests that, in light of Kloeckner, the Federal Circuit never should have permitted her appeal and therefore this Court should proceed as if that appeal did not occur. (See id.) Plaintiff correctly states that federal district court represented the only forum for her to appeal her entire case, see Kloeckner, 133 S. Ct. at 600, but ignores that she chose to forgo that opportunity. Simply put, absent any authority to the contrary, this Court cannot ignore Plaintiff's waiver of her discrimination claims at the Federal Circuit and give her another opportunity to litigate them when the Fourth Circuit has plainly foreclosed that maneuver, see Pueschel, 577 F.3d at 563-64.

Plaintiff next contends that, even if this Court lacks jurisdiction over her mixed-case appeal from the MSPB, it retains an independent basis for subject-matter jurisdiction under the Administrative Procedure Act ("APA") over her challenge to various

-11-

OPM regulations.  (Docket Entry 21 at 14-15; see also Docket Entry 11 at 19-20 (Count VIII of Plaintiff's Amended Complaint).)  That contention lacks merit because the CSRA represents the exclusive scheme by which a federal employee can challenge OPM regulations and the CSRA vests exclusive jurisdiction of such challenges (unless brought as part of a mixed case) with the MSPB and the Federal Circuit, see Elgin, 132 S. Ct. at 2133-34  ("Given the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court."); see also 5 U.S.C. § 1204(a)(4) ("The Merit Systems Protection Board shall . . . review . . . rules and regulations of the Office of Personnel Management.").

Accordingly, the Fourth Circuit has ruled that a federal employee may not rely on the APA to circumvent the CSRA's exclusive scheme. See Mann v. Haigh, 120 F.3d 34, 38 (4th Cir. 1997) (citing United States v. Fausto, 484 U.S. 439, 452-55 (1988)) ("[I]n view of the comprehensiveness of the CSRA as interpreted by the Supreme Court in *Fausto*, the CSRA prevents [federal] employees from obtaining judicial review of an adverse employment decision under the APA.").  In sum, given that this Court lacks subject-matter jurisdiction over Plaintiff's discrimination claims (the only basis on which an employee may appeal a decision of the MSPB to a federal

-12-

district court), it lacks subject-matter jurisdiction over her entire action challenging her demotion by SSA.

As a final matter, given that the Court has no subject-matter jurisdiction over this case, the Court should deny as moot Plaintiff's Motion for Partial Summary Judgment (Docket Entry 20).

CONCLUSION

This Court lacks subject-matter jurisdiction to hear this case.

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Dismiss for Lack of Jurisdiction (Docket Entry 16) be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Partial Summary Judgment (Docket Entry 20) be denied as moot.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 22, 2015

-13-

Case 1:14-cv-00151-LCB-LPA   Document 32   Filed 05/22/15   Page 13 of 13